UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| ERIC C. WOLF | ) | |
| | ) | |
| Plaintiff | ) | Civil Action No. 08-93-GFVT |
| | ) | |
| v. | ) | |
| | ) | |
| L. GREGORY, ET AL. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants | ) | |

\*\*\*\* \*\*\*\* \*\*\*\*

Eric C. Wolf, then an inmate at the Federal Correctional Institution in Waseca, Minnesota ("FCI-Waseca"), has filed a *pro se* complaint asserting civil rights claims under 28 U.S.C. § 1331, pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), as well as under the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq*. [R. 2.] The Court has granted his motion to proceed without prepayment of the filing fee [R. 3] by separate Order. [R. 5.]

The Court screens civil rights complaints pursuant to 28 U.S.C. § 1915A. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). As Wolf is appearing *pro se*, his Complaint is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations in his complaint are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). But the Court must dismiss a case at any time if it determines the action (a) is frivolous or malicious, or (b) fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2).

**I.**

In his Complaint, [R. 2] Wolf alleges that on October 16, 2006, while incarcerated at the United States Penitentiary-McCreary in Pine, Knot, Kentucky ("USP-McCreary"), at approximately 4:00 p.m. he was attacked from behind by inmate Rollins while he was sitting in a common area of the prison. As a result of the attack, Wolf suffered bruises and bleeding cuts to the head; he also injured his right ankle as he attempted to rise from his chair to defend himself.

Wolf was immediately escorted to the prison's medical department, where he received treatment for his head injuries. When he complained regarding his sprained ankle, medical staff advised him that he would be examined thoroughly when he was sent to the hospital for head x-rays. Wolf was taken to the Scott County Hospital in Oneida, Tennessee approximately an hour later to be examined, and an x-ray of his head showed no fracture. No x-rays of his ankle were taken at that time.

Wolf states that he again complained regarding his sprained ankle after he returned from his hospital visit, but that prison medical staff refused to provide treatment for it. During this period, Wolf's daily activities required him to put weight on the ankle, which Wolf alleges exacerbated the injury. Wolf further states that he was denied any medical care for his ankle when he remained in protective custody in the Special Housing Unit ("SHU") for the next several weeks, and for at least three weeks after his release back into the general population. It appears that on November 29, 2006, medical staff at the Walter Reed Army Medical Center took x-rays of Wolf's right ankle which revealed an avulsion fracture of the distal tibia. It appears that shortly after this Wolf was given a walking boot and/or crutches to help the injury heal.

During a medical visit on January 5, 2007, Wolf was informed by the nurse practitioner that Dr. Hardy had communicated a treatment plan for him, which included keeping him in the

walking boot for six weeks and beginning Theraband resistant exercises in about two weeks. Wolf alleges that he was never started on the Theraband exercises at any time before his March 17, transfer to FCI-Waseca.

On August 24, 2007, Wolf filed a request for administrative settlement with the BOP under the FTCA, in which challenged in some fashion the sufficiency of the medical care he received for his right ankle. In a letter dated November 21, 2007, the BOP denied his request. The BOP asserted that its review of the medical records showed that BOP medical staff provided medical care that was timely and appropriate, and noted that x-rays taken of Wolf's ankle on April 9, 2007, showed that his right ankle had healed well and showed no evidence of a malleolar avulsion chip.

Wolf filed his Complaint in this action on March 12, 2008[1], in which he asserted both a *Bivens* claim against the medical staff for deliberate indifference to his serious medical needs under the Eighth Amendment and a FTCA claim.[2] [R. 2] Wolf thereafter filed a motion to file an Amended Complaint to re-state his allegations and to remove three persons as defendants. [R. 10-2] The allegations in the tendered Amended Complaint relate to the adequacy and timeliness of the medical care received by Wolf, focusing on the Defendants' failure to ensure he performed Theraband resistant exercises in the two-week time frame indicated by Dr. Hardy, and their failure to prevent his transfer from USP-McCreary to FCI-Waseca.

---

[1] While the Clerk of the Court did not docket this action until March 17, 2008, as a prisoner in custody Wolf is entitled to the benefit of the "prison-mailbox" rule articulated in *Houston v. Lack*, 487 U.S. 266, 270 (1988).

[2] Shortly before he filed this action, Wolf filed a *Bivens* action against certain guards and staff, alleging that they failed to make reasonable efforts to protect him from the same assault described in this action. The Court dismissed the Complaint without prejudice for failure to exhaust administrative remedies, and noted that the claims appeared time-barred. *Wolf v. Shults*, 08-59-GFVT, Eastern District of Kentucky. [R. 2, 6.] Wolf did not appeal that decision.

II.

A.

Federal Rule of Civil Procedure 15(a)(1)(A) permits a party to amend its pleading once as a matter of course before the opposing party has filed a responsive pleading. A court may nonetheless deny leave to amend on the basis of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, or futility of the amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Because none of these factors appear present in this case and the Complaint has yet to be served upon the Defendants, the Court grants Wolf's motion to file his amended complaint, and directs the Clerk of the Court to file the tendered Amended Complaint into the record.

B.

For civil rights claims asserted under 42 U.S.C. § 1983 or *Bivens*, the applicable statute of limitations for claims arising out of conduct occurring in Kentucky is one year. *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996); *Collard v. Kentucky Board of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). This period starts to run when the claim "accrues," which occurs once the plaintiff knows, or has reason to know through the exercise of reasonable diligence, of the injury that provides the basis for the claim. *Collard*, 896 F.2d at 183; *Kelly v. Burks*, 415 F.3d 558, 561 (6th Cir. 2005); *Dixon v. Anderson*, 928 F.2d 212, 215 (6th Cir. 1991) (courts look for the event that should alert a typical lay person to protect his or her rights).

Having reviewed Wolf's allegations in the Complaint and Amended Complaint, the Court concludes that any *Bivens* claim arising from his medical treatment is barred by the statute of limitations. In Wolf's case, he challenges the adequacy and promptness of the treatment he was

provided for an injury he sustained on October 16, 2006. Wolf's allegations challenge the sufficiency of the treatment he received immediately after the incident and upon his placement in protective custody in the SHU, and continue into the treatment he was receiving in January 2007. Wolf was also aware that Dr. Hardy had recommended that he begin Theraband resistant exercises on or about January 19, 2007, but according to his allegations, these exercises, which he characterizes as physical therapy, were never provided. No later than this date, Wolf was on notice of a possible claim regarding the sufficiency of his treatment. Because Wolf did not file his Complaint in this matter until March 12, 2008, more than one year after the latest possible accrual date, these claims are time-barred. *Friedman v. Estate of Presser*, 929 F.2d 1151, 1159 (6th Cir. 1991).

In an effort to find an event within the limitations period upon which to salvage his *Bivens* claim, Wolf also argues that the Defendants were deliberately indifferent to his medical needs because they failed to prevent his transfer from USP-McCreary to FCI-Waseca on March 18, 2007. This argument fails because Wolf has neither argued, nor offered evidence to support the notion that the Defendants and all health care providers, had personal involvement in or authority with respect to decisions regarding prison transfers, or that his transfer from one federal prison to another resulted in any independent, actionable injury. *Dajani v. Montgomery Co., Kentucky*, 2003 WL 932435 (6th Cir. 2003); *see also Hernandez v. Keane*, 341 F.3d 137, 146-47 (2nd Cir. 2003) (rejecting deliberate indifference claim based upon treating physician's failure to place a medical hold on plaintiff to prevent transfer absent evidence that physician had authority to do so or that a medical hold was medically necessary where plaintiff was medically evaluated promptly after transfer). Absent some credible allegation in this regard, it remains that all of the conduct which put Wolf on actual or constructive notice of a potential *Bivens* claim occurred

between October 2006 and January 2007. Because Wolf waited more than one year before filing his Complaint in this action, his *Bivens* claims are time-barred.

C.

The FTCA constitutes a limited waiver of the sovereign immunity enjoyed by the United States. The operative jurisdictional provision is set forth in Title 28:

> ... the district courts ... shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages ... for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1). This provision operates to permit an action against the United States for negligent or intentional acts committed by its employees during the course of their employment, *Fitch v. United States*, 513 F.2d 1013 (6th Cir. 1975), so long as the administrative procedures outlined in its provisions are satisfied. Here, Wolf exhausted his administrative remedies by filing a request for administrative settlement with the BOP within two years of the events complained of, and by thereafter filing suit within six months after the BOP denied his request to settle his claim. 28 U.S.C. § 2675; 28 U.S.C. § 2401. Accordingly, it appears that Wolf has properly and timely asserted a claim against the United States under the FTCA.

However, Wolf has not named the United States as a defendant, and appears to seek liability upon the individually-named defendants under the FTCA. Because a claim under the FTCA may only be asserted against the United States itself, 28 U.S.C. § 2674; *Federal Deposit Ins. Corp. v. Blackburn*, 109 F.R.D. 66, 68 (E.D. Tenn. 1985), the FTCA claims against the individually-named defendants fails as a matter of law, and will be dismissed. *Atorie Air, Inc. v. F.A.A. of U.S. Dept. of Transp.*, 942 F.2d 954, 957 (5th Cir. 1991). The Clerk of the Court will

be directed to substitute the United States as the proper FTCA defendant in this action.

Because the Court has previously granted Wolf's motion to proceed *in forma pauperis*, an Officer of the Court will serve process on his behalf pursuant to FED. R. CIV. P. 4(c)(2) and 28 U.S.C. § 1915(d). The London Clerk's Office and the Office of the United States Marshal ("USM Office") will be directed to serve the summons and Complaint as set forth below.

### III.

Accordingly, **IT IS ORDERED** that:

1. Wolf's Motion for Leave to File an Amended Complaint [R. 10] is **GRANTED**. The Clerk of the Court shall file the tendered Amended Complaint into the record of this action.

2. The civil rights claims asserted against Defendants Gregory; Baker; Spaulding; Basserman; Trent; Lowry; and Bryant under the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971) are **DISMISSED WITH PREJUDICE**.

3. The Clerk of the Court is directed to **SUBSTITUTE** the United States of America as the sole Defendant with respect to the claims asserted against Defendants Gregory; Baker; Spaulding; Basserman; Trent; Lowry; and Bryant under the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq*.

4. A Deputy Clerk in the London Clerk's Office shall prepare the documents necessary for service of process upon the United States of America in this action.

5. The Deputy Clerk shall prepare a "Service Packet" consisting of the following documents:

   a. a completed summons form;
   b. the Complaint [R. 2] and the Amended Complaint ordered filed into the record by this Memorandum Opinion and Order;
   c. the Order granting Plaintiff *in forma pauperis* status;
   d. this Order; and

   e. a completed USM Form 285.

If the Clerk is unable to fully and accurately complete any of the documents described above, the Clerk shall set forth the reason in a docket entry.

 6. Service upon the United States of America shall be made by sending a Service Packet by certified or registered mail to:

   a. the Civil Process Clerk at the Office of the United States Attorney for the Eastern District of Kentucky; and

   b. the Office of the Attorney General of the United States in Washington, D.C.

 7. The London Deputy Clerk shall send the Service Packet for each identified defendant by certified mail to the USM Office in Lexington, Kentucky. The Deputy Clerk shall enter the certified mail receipt into the record and note in the docket the date that the Service Packet was delivered to the USM Office.

 8. The USM Office shall serve a Service Packet upon each identified defendant in the manner described in Step Six above.  The USM Office is responsible for ensuring that each defendant is successfully served with process.  In the event that an attempt at service upon a defendant is unsuccessful, the USM Office shall make further attempts and shall ascertain such information as is necessary to ensure successful service.

 9. Within 40 days of the date of entry of this Order, the USM Office shall send a Service Report to the London Clerk's Office, which the Deputy Clerk shall file in the record, which states whether service has been accomplished with respect to each identified defendant.

   a. For each defendant to be served by certified mail, the Service Report shall include:

     I. a copy of the green card showing proof of service; or

    ii.  a statement that the green card was not returned from the U.S. Postmaster, along with a "Track-and-Confirm" report from the U.S. Postal Service showing that a proof of delivery does not exist.

  b.  For each defendant to be personally served, the Service Report shall indicate:

    I.  that the defendant was successfully served personally, or

    ii.  a statement explaining what efforts are being taken to locate the defendant and accomplish personal service.

10. The Plaintiff shall immediately advise the London Clerk's Office of any change in his or her current mailing address.  **Failure to do so may result in dismissal of this case**.

11. The Plaintiff must communicate with the Court *solely* through notices or motions filed with the London Clerk's Office.  ***The Court will disregard correspondence sent directly to the judge's chambers.***

12. With every notice or motion filed with the Court, the Plaintiff *must*:

  a.  mail a copy to each Defendant (or his or her attorney); and

  b.  at the end of the notice or motion, certify that he has mailed a copy to each Defendant (or his or her attorney) and the date on which this was done. ***The Court will disregard any notice or motion which does not include this certification.***

This the 24th day of March, 2009.

**Signed By:**

*Gregory F. Van Tatenhove*

**United States District Judge**